IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, *et al.*,<br><br>   *Plaintiffs*,<br>v.<br><br>JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, *et al.*,<br><br>   *Defendants*. | Case No: 5:21-cv-01136-F |

**PLAINTIFFS' MOTION FOR PROTECTIVE ORDER AND MEMORANDUM IN SUPPORT**

Plaintiffs, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, respectfully move the Court to enter a protective order placing individual Plaintiffs' identities under seal and permitting individual Plaintiffs to proceed in this litigation using pseudonyms.

**I.   INTRODUCTION**

Individual Plaintiffs are 16 members of the Oklahoma Air National Guard who are challenging Executive Order No. 14043 as well as all related federal actions, including the U.S. Department of Defense policy mandating COVID-19 vaccinations for Guard members. Given their military positions, individual Plaintiffs fear that disclosing their identities for the purposes of this lawsuit would compromise the operational security of their respective missions, their own personal safety, the personal safety of their families, their job security, their ability to work without threat of retaliation, and the overall success of their assigned missions. Specifically, given the national attention of this litigation, they

fear reprisal in their military and civilian careers. Accordingly, pursuant to Rule 26(c), Plaintiffs respectfully request that the Court enter a protective order placing Plaintiffs' identities under seal and permit Plaintiffs to proceed in this litigation using pseudonyms.

Individual Plaintiffs have submitted a proposed protective order. As the proposed order makes clear, individual Plaintiffs do not object to disclosing their identities to the Court, and to Defendants' counsel, to allow them to investigate the claims, prepare a defense, and to propound discovery, if necessary—so long as such disclosure is subject to adequate protection in order to prevent the disclosure of individual Plaintiffs' identities more broadly.

## ARGUMENT

**I.     Individual Plaintiffs' Anonymity Should be Protected Because of the High-Profile and Sensitive Nature of the Case and Their Important Roles in Their Respective Units.**

Whether plaintiffs may proceed with pseudonyms begins and ends with the "informed discretion" of the trial court. *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998) (citing *James v. Jacobson*, 6 F.3d 233, 242 (4th Cir. 1993)). In this vein, the Tenth Circuit has instructed courts to consider three factors: "1) matters of a highly sensitive and personal nature; 2) cases involving a real danger of physical harm; and 3) instances where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Roe v. Catholic Health Initiatives Colorado*, No. 11-CV-02179-WYD-KMT, 2012 WL 12840, at *1 (D. Colo. Jan. 4, 2012) (citing *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000)) (cleaned up).

Even though lawsuits ordinarily are public affairs, the Tenth Circuit as well as its

district courts regularly exercise informed discretion in allowing plaintiffs to proceed under a pseudonym. In *Roe*, the court allowed the plaintiffs to proceed anonymously because of medical privacy concerns. 2012 WL 12840, at *5. In *Does v. Rodriguez*, the court permitted deported Mexican immigrants to proceed anonymously in their civil claim because of reports of threats against family members. *Does v. Rodriguez*, CIVA 06CV-00805-LTB, 2007 WL 684114, at *3 (D. Colo. Mar. 2, 2007). In cases where courts have refused to grant anonymity, the state defendant already knew the name of the plaintiff, *see M.M.*, 139 F.3d at 803, or the plaintiff was already a registered sex offender and disclosing his identity would not expose him to any additional harm, *see Femedeer*, 227 F.3d at 1246.

    **A.**    **Under the Femedeer factors, the individual Plaintiffs should be allowed to proceed pseudonymously.**

Here, the *Femedeer* factors weigh in favor of allowing individual Plaintiffs to proceed pseudonymously. Individual Plaintiffs may be called upon to discuss deeply private and personal details of their lives—including medical information and religious positions. At the same time, individual Plaintiffs are actively serving the United States in the National Guard, and some hold very senior positions within their respective units. Disclosing their identity, positions, and religious, personal, and even medical convictions under their real names will compromise their individual missions and privacy, and expose them to danger.

Furthermore, this dispute falls very much under the sensationalist glare of the national spotlight, and individual Plaintiffs fear reprisal. Individual Plaintiffs' interests in privacy and the ability to continue effectively serving the United States outweigh any

public interest in knowing their identity.

For these reasons, the Court should exercise its discretion and ensure that individual Plaintiffs' interests are protected through their anonymity.

### B. Other courts have permitted similarly situated plaintiffs to proceed anonymously.

Other courts typically have allowed similar Plaintiffs to proceed anonymously. It is widely settled that a protective order is appropriate when a plaintiff's "safety and career could be jeopardized if [his] name were to be revealed[,]" and he can "attest that [his] job requires [him] to remain anonymous." *Bird v. Barr,* No. 19-cv-1581, 2019 WL 2870234, at *5 (D.D.C. July 3, 2019). In *Bird,* for example, the plaintiffs alleged that their jobs and their safety depend on their anonymity. *Id*. And in a case with substantially lower visibility and sensitivity than the present matter—that case concerned a lawsuit by federal employees against the Department of Justice for workplace harassment and discrimination—the court held that these factors were significant enough to overcome the public's interest in knowing the identity of the plaintiffs. *Id.* at *6.

Here, individual Plaintiffs' positions as government employees suing their government closely mirror *Bird* plaintiffs' situation. Disclosing individual Plaintiffs' identities would jeopardize their safety and careers; and preserving their anonymity is often of the highest importance. Otherwise, similarly situated litigants will be most reluctant to come forward in court.

Given the substantial need to protect individual Plaintiffs' identities because of the nature of their testimony and nature of their positions, the Court should allow individual

Plaintiffs to proceed in this matter using pseudonyms.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court enter the proposed protective order to safeguard individual Plaintiffs' identities.

> Respectfully submitted,
>
> Mithun Mansinghani
>   *Solicitor General*
> OFFICE OF THE ATTORNEY GENERAL
> OF THE STATE OF OKLAHOMA
> 313 NE 21st Street
> Oklahoma City, OK 73105
> (405) 521-3921
> Mithun.mansinghani@oag.ok.gov
>
> <u>/s/ Gene C. Schaerr</u>
> Gene C. Schaerr*
> H. Christopher Bartolomucci*
> Riddhi Dasgupta*
> Brian J. Field*
> SCHAERR | JAFFE LLP
> 1717 K Street NW, Suite 900
> Washington, DC 20006
> (202) 787-1060
> gschaerr@schaerr-jaffe.com
> cbartolomucci@schaerr-jaffe.com
> sdasgupta@schaerr-jaffe.com
> bfield@schaerr-jaffe.com
> * Admitted *pro hac vice*
>
> *Counsel for Plaintiffs The State of Oklahoma; J. Kevin Stitt, Governor of Oklahoma; John M. O'Connor, Attorney General of Oklahoma; 16 Oklahoma Air National Guard Members*

Dated:  December 27, 2021