IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, *et al.*, <br><br> *Plaintiffs*, <br> v. <br> JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, *et al.*, <br><br> *Defendants*. | Case No: 5:21-cv-01136-F |

**DEFENDANTS' REPLY TO PLAINTIFFS'
RESPONSE TO ORDER TO SHOW CAUSE**

Defendants file this reply in response to the filing submitted by Plaintiffs on February 3, 2023, ECF No. 75, pursuant to this Court's order requiring Plaintiffs to show cause why the action should not be dismissed as moot, ECF No. 72. In that filing, the "three State Plaintiffs—the State of Oklahoma," the Governor, and the Attorney General indicated that they "intend to voluntarily dismiss their claims without prejudice . . . no later than February 17, 2023." ECF No. 75. As for the remaining individual Plaintiffs, none indicated whether they plan to voluntarily dismiss their claims as moot. *See id.* Instead, the filing stated that "the State Plaintiffs will continue to confer with the Individual Plaintiffs to determine which of them wish to voluntarily dismiss their claims." *Id.*

Defendants file this reply because it is not clear whether all Plaintiffs will be voluntarily dismissing their claims by February 17, 2023. If any Plaintiffs remain in this case past February 17, 2023, this Court should dismiss their claims.

First, no Plaintiff substantively responded to this Court's Order to Show Cause. On January 17, 2023, this Court ordered plaintiffs "to show cause, within 10 days from the date of this order, why this declaratory and injunctive relief action should not be dismissed as moot" "[i]n light of the Secretary of Defense's recission of the COVID-19 vaccine requirement." ECF No. 72. Plaintiffs requested an unopposed extension of time to respond to February 3, 2023, which the Court granted. ECF No. 74.

Plaintiffs timely filed a response, but the filing contained no argument regarding mootness. *See* ECF No. 75. The failure to provide any substantive response to the Court's order to show cause why the case should not be dismissed as moot is a sufficient basis—standing alone—to dismiss any remaining claims. *See, e.g.*, *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1152 (10th Cir. 2007) (affirming dismissal after failing to timely respond to a show-cause order); *Wagoner v. Towne*, No. CIV-18-821-G, 2019 WL 1283487, at *2 (W.D. Okla. Mar. 20, 2019) (dismissing claims because Plaintiff's "failure to respond to the Court's show-cause order ha[s] impeded the Court's ability to proceed in this matter because the Court cannot ascertain whether Plaintiff intends to pursue her causes of action"); *Marx v. Hansen*, No. 22-cv-01436-PAB-MDB, 2022 WL 18456166, at *1 (D. Colo. Nov. 18, 2022) (dismissing in part because of failure to respond to order to show cause), *report & recommendation adopted*, 2022 WL 18456168 (D. Colo. Dec. 5, 2022); *Williams v. Ocwen Loan Servicing LLC*, No. 10-cv-01578-WJM-KLM, 2011 WL 1595991, at *1 (D. Colo. Mar. 15, 2011) (dismissing because plaintiff's statement in status update after show cause order was "not a substantive response") *report & recommendation adopted,* 2011 WL 1597664 (D. Colo. Apr. 27, 2011); *Gee v. Towers*, No. 16-2407, 2016

WL 4733854, at *1 (D. Kan. Sept. 12, 2016) (dismissing case "[b]ecause plaintiff did not file a substantive response to the motion to dismiss.").

Failure to provide a substantive response to this Court's show cause order has waived any argument that any individual claim "should not be dismissed as moot." ECF No. 72; *see also SEC v. McNaul*, 277 F.R.D. 439, 443 (D. Kan. 2011) (finding waiver of privilege for failure to respond to a show-cause order).

Second, even if Plaintiffs had substantively responded to the Court's show-cause order, the Court should still dismiss this case for all the reasons Defendants explained in their motion to dismiss. *See* Defs.' MTD, ECF No. 52. This Court should also dismiss this case as moot.

This lawsuit challenges the Secretary of Defense's now-rescinded August 24, 2021 COVID-19 vaccination requirement and subsequent application of that requirement to the National Guard issued on November 30, 2021. *See* Second Am. Compl. ¶¶ 10–12, ECF No. 49 ("SAC").[1]

---

[1] Although the SAC sometimes refers to Executive Order 14043, the substance of the Complaint makes clear that Plaintiffs are principally challenging the Secretary of Defense's COVID-19 vaccination requirement as applied to National Guard members serving pursuant to Title 32. *See, e.g.*, SAC ¶ 14 ("Any reference to EO 14043 or other federal action in Plaintiffs' Complaint or any other pleading should be construed to include the President's or the Secretary of Defense's vaccine mandate imposed on the National Guard."). To the extent that any individual Plaintiffs would argue that a claim against EO 14043 remains live, they have abandoned that claim by failing to address it in response to this Court's show-cause order. And in any event, such a claim would remain unripe and meritless for all the reasons discussed in Defendants' Motion to Dismiss. *See* Defs.' MTD, at 10–12, 15–25.

Pursuant to an Act of Congress, the Secretary of Defense issued a memo on January 10, 2023, rescinding his August 24, 2021 memorandum which required COVID-19 vaccination, and rescinding his November 30, 2021 memorandum which required COVID-19 vaccination for members of the National Guard and the Ready Reserve. ECF No. 71-1.

The relief sought by the complaint—a declaration that the vaccine mandate as applied to the Oklahoma National Guard was unlawful or unconstitutional and an injunction "enjoining Defendants from enforcing the vaccine mandate", SAC Prayer for Relief at 87–88—has been rendered moot by the recent rescission. *See Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1131 (10th Cir. 2010) (discussing how a pending case became moot "as a consequence of the actions of a third party, Congress"). Since Congress directed the Secretary of Defense to rescind his mandate, which he subsequently did, there is no longer any applicable DoD policy for this Court to enjoin.

The requested relief to enjoin Defendants from withholding federal funding from Oklahoma National Guard or its members is further mooted by a memorandum issued by the Chief of National Guard Bureau directing all currently serving and otherwise qualified and eligible National Guard Service Members to resume military duties under Title 32 with pay and/or points toward retirement. *See* Jan. 18, 2023, Gen. Hokanson Memo (attached as Ex. 1).

## Conclusion

The Court should dismiss this entire case as moot for the reasons set forth in this reply. To the extent that any Plaintiff submits an untimely argument that any part of this case is not moot, Defendants would appreciate an opportunity to respond.

Dated:  February 13, 2023

Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

ANTHONY J. COPPOLINO
*Deputy Director*

CHRISTOPHER R. HALL
CARLOTTA P. WELLS
*Assistant Directors*

<u>/s/ Zachary A. Avallone</u>
ANDREW E. CARMICHAEL
*Senior Trial Counsels*
ZACHARY A. AVALLONE
     (D.C. Bar No. 1023361)
COURTNEY D. ENLOW
CODY T. KNAPP
R. CHARLIE MERRITT
*Trial Attorneys*

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 514-2705
E-mail: zachary.a.avallone@usdoj.gov

*Counsel for Defendants*